UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERESA BENNETT, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-00986 |
| | § | |
| CITY OF DALLAS, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## DEFENDANT CITY OF DALLAS' RENEWED RULE 12(b)(1) AND 12(B)(6) MOTION TO DISMISS PLAINTIFF'S CLAIMS

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant City of Dallas ("Defendant" or the "City") files this renewed motion to dismiss Plaintiff's claims, pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction because Plaintiff does not have standing and its motion to dismiss Plaintiff's claims for failing to state a claim, and this Court's Order Granting Unopposed Motion for Enlargement of Time ending Initial Scheduling Order, dated June 22, 2010, because notwithstanding the changes and additions made in Plaintiff's First Amended Complaint, Plaintiff lacks standing and has failed to state a claim upon which relief may be granted and Defendant is entitled to dismissal of Plaintiff's claims. In support hereof, Defendant respectfully shows the Court the following:

### I. INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff filed this action on May 15, 2010. *See* Court's Docket, Doc. 1. After being served, Defendant filed, as its initial pleading, Defendant's Rule 12(b)(1) Motion to Dismiss Plaintiff's Claims and Brief, on June 7, 2010. *Id.,* Doc. 4. In response, Plaintiff's First Amended

Complaint was filed on June 9, 2010. *Id.,* Doc. 11. The Court denied the City's Motion to Dismiss as moot on June 10, 2010. *Id.,* Doc. 12.

### III. GROUNDS FOR DISMISSAL

The grounds upon which this Motion is based are:

1. The applicable statute of limitations either bars Plaintiff's discrimination claims in their entirety, or the statute limits Plaintiff's claims to only those events that occurred within two (2) years prior to the filing of this lawsuit.

2. Plaintiff lacks legal standing to bring this lawsuit to allege discrimination to complain of non-specific acts of alleged discrimination or those facilities in the Preston Center area that Plaintiff has not utilized, to complain generally under Section 504 of the Rehabilitation Act that Defendant's general receipt of federal funding triggers court review, to bring suit against Defendant's transition plan and self-evaluation, or to complain of Defendant's alleged violation of other regulations.

3. Plaintiff's allegations fail to assert that the City has discriminated against her:

   a. Plaintiff has failed to allege facts that indicate a sufficient alteration to existing facilities to trigger ADA scrutiny.

   b. Streets, and the parking garage in Preston Center, are not a program, activity or service under the ADA, and there are no existing accessibility standards.

   c. Alternatively to the preceding issue, if there is such an obligation to perpetually maintain, construct, or retrofit all streets and sidewalks in the City, then such a finding renders the ADA and Rehabilitation Act unconstitutional.

   d. There are no viable ADA or Rehabilitation Act claims to complain of Defendant's transition plan and self-evaluation actions, to complain of Defendant's or to complain of Defendant's alleged violation of ADA regulations.

e.      To the extent that Plaintiff alleges that the parking garage in Preston Center serves public accommodations and the installation of accessible spaces and routes is required under Title III, the City is not a public accommodation and is not a liable for Title III claims, including compliance with the technical standards under Title III to the extent that Plaintiff is claiming that those standards apply to the streets, parking spaces, curbs and sidewalks in the Preston Center area.

As set forth in Defendant's Brief filed concurrently with this Motion, these issues should be granted in Defendant's favor, rendering Plaintiff's First Amended Complaint subject to dismissal as a matter of law for Plaintiff's lack of standing and its failure to state a viable claim of intentional discrimination, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## IV. CONCLUSION

Plaintiff's' First Amended Complaint illustrates that Plaintiff lacks standing and fails to state a claim upon which relief can be granted and seeks to impose substantially greater burdens upon the City than are required by law, however, in a manner that would be unreasonable and that would create potentially unlimited liability.  Based upon the argument and authority presented in the Brief accompanying this Motion, this Court should dismiss this case because the allegations of intentional discrimination in Plaintiff's' First Amended Complaint fails to state a claim under existing jurisprudence and because Plaintiff lacks standing to bring these claims.

WHEREFORE, PREMISES CONSIDERED, Defendant City of Dallas prays that the Court grant this Motion and dismiss Plaintiff's claims against it, and Defendant prays for such other and further relief to which it is justly entitled.

Respectfully submitted,

THOMAS P. PERKINS, JR.
Dallas City Attorney

s/ *Christopher J. Caso*
Christopher J. Caso
Texas Bar No. 03969230
Assistant City Attorneys

Office of the City Attorney
1500 Marilla Street, Room 7BN
Dallas, Texas 75201-6318
Telephone: 214-670-3519
Telecopier: 214-670-0622
chris.caso@dallascityhall.com

Counsel for the City of Dallas

## CERTIFICATE OF FILING AND SERVICE

I certify that on July 9, 2010, I electronically filed the foregoing document with the clerk of court for the United States District Court for the Northern District of Texas using the electronic case failing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all counsel of record who have consented in writing to accept this Notice as service of this document by electronic means.

s/ *Christopher J. Caso*
Christopher J. Caso