UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERESA BENNETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-00986 |
| | § | |
| CITY OF DALLAS, | § | |
| | § | |
| Defendant. | § | |

**CITY OF DALLAS' REPLY TO PLAINTIFF'S RESPONSE TO THE CITY'S MOTION TO DISMISS**

TO THE HONORABLE COURT:

The City of Dallas, Defendant herein, files its reply to Plaintiff's response ("Response") to the City's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and will show the Court the following:

**A.   The case law is not settled as to whether all parking garages owned by the City are a service of the City.**

Plaintiff contends that the case of *Frame v. Arlington*, 575 F.3d 432 (5th Cir. 2009) stands for the proposition that every parking lot that is owned by a municipality is a service under Title II. However, in *Frame*, the Fifth Circuit observed that Plaintiffs in that case alleged that the City of Arlingto allegedly violated the ADA by failing to make "the City's curbs, sidewalks, and certain parking lots ADA compliant …" *Id*. at 433. If the Court had meant that all city parking lots were services under the ADA, there would have been no need to add the qualifier "certain". The Court didn't add this qualifier to streets and sidewalks since essentially all streets and sidewalks, unless they are private streets, are public. It is unclear from the opinion in Frame whether, for example, the parking lots at issue in Frame were parking lots adjacent to City Hall

that were used for access to the City Hall, as opposed to a parking garage, as in this case, that is used to access not City offices and buildings, but private shopping locations. Therefore, it is not settled as to whether Title II applies to all parking garages owned by a municipality.

**B.  Plaintiff must allege that the services which she has allegedly been deprived have been funded with federal funds.**

Plaintiff agrees with the City that *Brown v. Sibley*, 650 F.2d 760 (5th Cir. Unit A 1981), stands for the proposition that a plaintiff must allege that the program or activity which she alleges she has tried to use, but has been unable to use because of her disability, was funded with federal funds. Plaintiff has failed to allege that federal funds were used in the construction of the parking garage. What Plaintiff does argue is that by virtue of the Civil Rights Restoration Act of 1987, that it has overturned cases like Brown, citing the case of *Innovative Health Sys. Inc. v. City of White Plains*, 931 F. Supp. 222, 234 (S.D.N.Y. 1996). Not only has the Fifth Circuit not overturned *Brown*, but no appellate court has adopted that holding from the *Innovative Health* case in the last 14 years. Furthermore, in *Lightbourn v. County of El Paso, Tex.*, 118 F.3d 421 (5th Cir. 1997), some 10 years after the adoption of the Civil Rights Restoration Act of 1987, the Fifth Circuit held:

> We have held that to state a § 504 claim a plaintiff must allege that the specific program or activity with which he or she was involved receives or directly benefits from federal financial assistance. *Brown v.* Sibley, 650 F.2d 760, 767-71 (5th Cir. Unit A 1981). Certainly, a plaintiff may not predicate a § 504 claim against a state actor on the mere fact that the state itself obtains federal money.

*Id.* at 427.

Until the Fifth Circuit or the U.S. Supreme Court overturns *Brown*, it is still the law in this Circuit.

## CONCLUSION

For the reasons set forth above, the City requests that the Court grant its motion to dismiss and dismiss this case with prejudice. The City also requests the Court grant it such other relief as the Court finds just.

Respectfully submitted,

THOMAS P. PERKINS, JR.
Dallas City Attorney

s/ *Christopher J. Caso*
Christopher J. Caso
Texas Bar No. 03969230
Senior Assistant City Attorney
Office of the City Attorney
1500 Marilla Street, Room 7BN
Dallas, Texas 75201-6318
Telephone: 214-670-1330
Telecopier: 214-670-0622
chris.caso@dallascityhall.com

Counsel for the City of Dallas

## CERTIFICATE OF FILING AND SERVICE

I certify that on August 13, 2010, I electronically filed the foregoing document with the clerk of court for the United States District Court for the Northern District of Texas using the electronic case failing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all counsel of record who have consented in writing to accept this Notice as service of this document by electronic means.

s/ *Christopher J. Caso*
Christopher J. Caso